UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ONTARIO DAVIS,

        Plaintiff,

v.

        Case No. 23-cv-1399-bhl

CITY OF SOUTH MILWAUKEE and
STEVE D STREICHER,

        Defendants.

## ORDER GRANTING MOTION TO DISMISS IN PART

      This is a long-pending *pro se* civil rights lawsuit that has yet to get beyond the pleading stage. The delays are largely the result of Plaintiff Ontario Davis's failure to comply with filing deadlines paired with his efforts to amend his complaint in the midst of Defendants' challenges to his prior pleadings and without leave of Court. Davis filed his initial complaint on October 18, 2023, alleging that Defendants City of South Milwaukee and Steve D. Streicher violated Davis's rights by arresting him without probable cause and due to his race. (ECF No. 1.) Defendants moved to dismiss the initial complaint on November 16, 2023. (ECF No. 3.) When Davis failed to respond to the motion, the Court alerted him to the failure and gave him an additional fourteen days to file his opposition, noting that if he did not do so, the Court would grant Defendants' motion as unopposed. (ECF No. 5.) On the day his late response was due, Davis requested a further extension, which the Court granted, allowing him until February 20, 2024, to respond. (ECF Nos. 6 & 7.)

      On February 20, 2024, Davis filed both an opposition brief and an amended complaint. (ECF Nos. 8 & 9.) Defendants responded by moving to dismiss the amended complaint. (ECF No. 10.) The process of delay then repeated itself. Davis *again* failed to respond timely to the second motion to dismiss, was *again* prompted by the Court to respond, *again* requested a further extension of his response time, which the Court *again* granted, and *again* filed an opposition brief

along with a further proposed amended complaint. (ECF Nos. 12–15.) Defendants filed a reply in support of their motion to dismiss on May 28, 2024. (ECF No. 17.)

Although neither party addresses it, Davis's filing of his amended complaint (and his proposed second amended complaint) did not comply with Federal Rule of Civil Procedure 15(a). Rule 15(a)(1) allows a party to file an amended pleading "as a matter of course" within 21 days of a motion to dismiss, but that deadline had long passed for Davis. In all other cases, Rule 15(a)(2) requires the opposing party's consent or Court permission to amend. Davis did not seek Court permission for either filing, and none of his filings indicate Defendants consented to an amendment. That being said, Defendants did not object but instead responded to his first amended complaint with a new motion to dismiss aimed at the amended complaint. (ECF No. 10.) Given Defendants' response, the Court will deem them to have consented to the amendment and to have waived any objection to Davis's failure to comply with Rule 15. The Court will not treat the proposed Second Amended Complaint in the same fashion, however. Defendants did not submit a third motion to dismiss in response to that effort or otherwise implicitly consent to the amendment as they did with Davis's first attempted amendment. Moreover, the Court notes that the proposed second amended complaint adds nothing of importance to the issues and does not affect this Court's analysis of whether Davis has stated a claim. The factual allegations in the proposed second amended complaint are not materially different than its predecessors. Accordingly, the Court concludes that the first amended complaint, (ECF No. 9), is the operative pleading, and the Court will focus its analysis on that filing.

## BACKGROUND

Davis is a resident of Milwaukee, Wisconsin. (ECF No. 9 ¶1.) Defendant Steve Streicher works at the City of South Milwaukee Police Department. (*Id.* ¶2.) On October 24, 2020, Davis claims that Streicher arrested him after "arbitrarily tr[ying] to make [Davis] fit the profile of several different accident/crime scenes" and "primarily because he was African-American." (*Id.* ¶¶3–4.) Davis was thereafter subjected to both felony charges in the circuit court and to multiple driving violations in South Milwaukee municipal court. (*Id.* ¶5.) Apparently, at least one of these charges was for operating while intoxicated. (*Id.* ¶9.) Davis claims his attorney filed a motion to suppress, which the court granted after holding a hearing at which Streicher testified. (*Id.* ¶¶6–8.) In granting the motion, the court ruled that Streicher lacked probable cause to arrest Davis. (*Id.* ¶8.)

Davis maintains that because of Streicher's actions, Davis "lost out on significant job opportunities because an OWI was put on his motor vehicle record," resulting in him being "denied [c]ommercial driving jobs since 2022." (*Id.* ¶9.) He asserts claims against the City and against Streicher in both his individual and official capacities. (*Id.* ¶2.) Davis requests $500,000 in compensatory damages for lost earnings, emotional distress damages, and punitive damages. (*Id.* ¶¶11–12.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint "must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Davis asserts claims for violations of his Constitutional rights against the City of South Milwaukee and against Streicher in both his official and individual capacities. (*See* ECF No. 9 ¶2, 10.) Such claims are governed by 42 U.S.C. § 1983. To state a claim for relief under this statute, "a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Defendants move to dismiss all claims, insisting that Davis's "spare" factual allegations are insufficient to state a cognizable claim for relief against either Defendant. (ECF No. 11.) In response, Davis urges the Courts to construe his *pro se* pleadings generously and contends that he has adequately pleaded that he was unlawfully arrested because he was African-American and because Streicher lacked probable cause. (ECF No. 15 at 3.) As explained below, the Court will deny Defendants' motion to dismiss in part and grant it in part. Davis has, at least for now, stated claims against Streicher in his individual capacity, and the motion to dismiss will be denied as to those claims. But Davis has not stated actionable claims against Streicher in his official capacity or the City; those claims will be dismissed.

Davis alleges that Streicher violated his Constitutional rights by: (1) arresting Davis without probable cause in violation of the Fourth Amendment, and (2) arresting Davis for being African-American in violation of the Equal Protection Clause of the Fourteenth Amendment. (*See* ECF No. 9 ¶4.) Defendants argue that Davis has failed to allege any specific facts related to the nature of his arrest that would plausibly suggest that his arrest was improper. (ECF No. 11 at 5.) Defendants also complain that Davis's pleading includes no allegation that connects Defendant Streicher to Davis's OWI charge one year after his alleged arrest, nor is there any allegation that connects Streicher to Davis's driving record, which he claims is the source of his injury. (*Id.*)

Davis responds that courts are required to construe *pro se* plaintiffs' pleadings broadly. (ECF No. 15 at 3.) Davis then reasserts that the unlawful arrest violated his constitutional rights to equal protection and against unreasonable search and seizure. (*Id.*) He also states that he "is not required to articulate" the details of his arrest or the state court's probable cause ruling. (*Id.* at 4.) Davis claims that, despite Defendants' insistence to the contrary, the inferences are simple: Streicher arrested him without probable cause and issued citations, which resulted in his incarceration, and the incarceration resulted in a loss of job opportunities. (*Id.*)

While Davis's allegations are indeed sparse, the Court concludes that he has sufficiently alleged claims against Defendant Streicher *in his individual capacity*. Davis alleges that Streicher arrested him without probable cause and due to his race. (ECF No. 9 ¶4.) While these conclusory allegations on their own would be insufficient to state a claim, Davis does more; he specifically alleges that a state court affirmatively ruled that Streicher lacked probable cause to arrest him. (*Id.* ¶8.) Taking this allegation as true, Davis has sufficiently alleged claims against Streicher. Indeed, under the Full Faith and Credit Clause and basic issue preclusion law, this Court might be required

to accept the state court's determination, if he proves that such a determination was actually made.[1] *See Allen v. McCurry*, 449 U.S. 90, 96 (1980) (citing 28 U.S.C. 1738) (noting federal courts must give preclusive effect to state-court judgments and holding that the doctrine of issue preclusion applies to § 1983 claims). At this procedural posture, the Court must accept Davis's allegations as true and make all inferences in his favor. *See Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 195 (2024). Applying this standard, Davis has alleged facts that would support a finding that Streicher lacked probable cause to arrest Davis and violated his Fourth Amendment and Fourteenth Amendment Equal Protection rights. This is enough to state a claim for a Section 1983 violation against Streicher in his individual capacity. The rules do not require him to plead the additional details on causation that Defendants urge are missing.

Davis fails, however, to state a Section 1983 claim against Streicher *in his official capacity* or against the City of South Milwaukee. As for the former, Davis does not appear to understand the difference between official capacity and individual capacity claims under Section 1983. "Personal-capacity suits seek to impose liability upon a governmental official for actions he takes under color of state law . . . . Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). In other words, a personal-capacity suit is appropriate when an official, acting under the color of state law, personally deprives a plaintiff of a federal right. *Id.* On the other hand, an official-capacity suit is appropriate when a person is only executing or implementing the official policy or custom of a government entity. *Id.*

Davis has not plausibly alleged an official capacity claim against Streicher. The amended complaint does not allege facts suggesting that Streicher unlawfully arrested Davis pursuant to any City policy or custom. This dooms both his official capacity claim against Streicher and his claim against the City. A municipality may be liable under Section 1983 if it has a widespread practice that causes a constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

---

[1] Davis cites Case Nos. 2020CF003813, BF495579-0, and BF528513-6 as the case numbers for his charges stemming from the October 24, 2020, arrest. (ECF No. 1 ¶5.) Wisconsin's online court records do not return results for these case numbers. A search of the online records also failed to show *any* record of a case against Davis in 2020. Nevertheless, because this case remains at the motion-to-dismiss stage, the Court proceeds under the assumption that there were charges pressed in state court. If the Court later determines that Davis has knowingly made false allegations in his pleadings, he will be subject to sanctions. *See* Fed. R. Civ. P. 11(c)(1); *see also Martin v. Redden*, 34 F.4th 564, 568 (7th Cir. 2022) (affirming severe sanctions against a *pro se* party who repeatedly made false statements to the court).

To successfully sue a municipality under Section 1983, a plaintiff must allege the existence of an official policy that "causes" an employee to violate his constitutional rights. *Id.* at 691–94. The doctrine of *respondeat superior* does not apply to municipalities. *Id.* Davis does not assert that the City instituted an unconstitutional policy, nor does he proffer any allegation that Streicher executed an unconstitutional policy of the City. While Davis correctly points out that *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *see Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), Davis is still required to plead sufficient plausible facts to state a claim under Section 1983. He has not done so with respect to his claims against Streicher in his official capacity, or against the City, and those claims are therefore dismissed.

## CONCLUSION

For the reasons given above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, ECF No. 10, is **GRANTED, in part and DENIED, in part**. The motion is granted with respect to the claims against the **City of South Milwaukee and Defendant Streicher in his official capacity** and denied as to the claims against Streicher in his individual capacity.

Dated at Milwaukee, Wisconsin on September 16, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge